## McNaul Estate

*Reilly & Pearce,* for petitioner.

*Albert J. Taylor* and *Samuel A. Montgomery,* for respondent.

VAN RODEN, P. J., December 7, 1951.—The account of the administratrix of the estate of the above-named decedent was duly audited and confirmed nisi by adjudication of this court dated November 30, 1950, and as no objections were filed thereto the confirmation of the account was made absolute. By this adjudication the court approved the claim of the undertaker, Harold R. Mulligan, as presented by him against the estate, in the full amount thereof.

A petition has been presented to the court by the administratrix averring that on December 31, 1948, the widow of decedent (who is also the administratrix of his estate) in her individual capacity executed a written contract to pay the undertaker the amount of his bill for services, which contract included a note confessing judgment and providing for the payment of

a collection fee of 10 percent. In the petition it is also averred that at the time of the audit of the account of the administratrix no claim was made by the undertaker for the amount of the collection fee; and that subsequently the balance due to the undertaker, together with the additional sum of $4.50 covering the costs of entry of judgment on the note by the undertaker and the satisfaction of the same in the office of the Prothonotary of the Court of Common Pleas of Delaware County, was tendered to the undertaker, which he refused to accept, insisting upon the payment of the additional amount of $51.60 representing 10 percent of the balance due under the terms of the contract as provided by the terms of the note.

The prayer of the petition now before the court is to the effect that the administratrix be permitted to pay into this court the amount of the balance due on the claim of the undertaker as approved in the adjudication, less reasonable counsel fee and the prothonotary's costs, and that the judgment be marked satisfied and that a satisfaction of award be executed.

The factual situation is admitted by the parties. The widow in her individual capacity and not in her fiduciary capacity as administratrix of this estate, executed a written obligation to pay the undertaker for his services connected with the burial of decedent and a note confessing judgment against her for the amount due thereunder and providing for the payment of a collection fee of 10 percent thereof. Such contract would not of course deprive the undertaker of his right to present his claim against the estate of decedent, which was also liable for the payment thereof. It is well established that a creditor may have several remedies but only one total recovery.

However, this court has no jurisdiction to determine any controversy between the undertaker and the widow in her individual capacity, where there is no

question to be determined affecting the rights or responsibilities of the parties interested in the administration or distribution of the estate. For this reason, this court cannot consider or determine the rights or responsibilities of the parties to the written contract; nor have we any jurisdiction whatever in the matter of the judgment entered in the court of common pleas.

The administratrix of this estate may secure her release and discharge as fiduciary by complying with the provisions of the adjudication, including the payment of the amount due the undertaker as set forth in the adjudication; and in the event the undertaker refuses to accept the amount so awarded to him and to execute an order to satisfy the award, the money may be paid into court. To this extent this court has jurisdiction to grant relief to petitioner. But we must hold that this court is without jurisdiction to interfere in any manner whatever with the proceeding in the court of common pleas wherein the widow of this decedent is a party exclusively in her own personal and individual capacity and where the subject matter of said proceeding admittedly does not involve any rights, liabilities, or problems concerning the administration or distribution of the estate of decedent. From which it follows that this court cannot order the satisfaction of the judgment entered in the court of common pleas against Elizabeth Drake McNaul as an individual, nor can we permit her as administratrix to pay into this court the amount of the balance claimed to be due to the undertaker less reasonable counsel fee and prothonotary's costs to accomplish such a result.

For the reasons herein stated the court enters the following

### Decree

And now, December 7, 1951, the prayer of the petition of Elizabeth Drake McNaul as administratrix

of the estate of George McNaul, deceased, that she be permitted to pay into this court the amount of the balance due on the claim of Harold B. Mulligan as approved and ordered in the adjudication of this court dated November 30, 1950, less reasonable counsel fee and prothonotary's costs, and that said judgment entered in the Court of Common Pleas of Delaware County be marked satisfied, be and the same is hereby refused;

Provided, however, that in the event of the refusal of Harold B. Mulligan to accept the amount awarded to him by the provisions of the adjudication of the account of the administratrix in settlement of his claim against the estate of George McNaul, deceased, and to execute an order to satisfy the award upon the payment of the amount, the administratrix shall not be deprived of her right to pay said sum into this court to enable her to secure her release and discharge of liability as fiduciary in this estate.